IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Consolidated Transaction Processing, LLC, <br><br> Plaintiff, <br><br> v. <br><br> West Marine, Inc., <br><br> Defendant. | Civil Action No. 1:22-cv-6818 <br><br><br> Honorable Andrea R. Wood <br><br><br> JURY TRIAL DEMANDED |

**INITIAL STATUS REPORT UNDER RULE 26(f)**

**1.     Nature of the Case**

    A.     Identify the attorneys of record for each party, including the lead trial attorney.

    For Plaintiff Consolidated Transaction Processing, LLC ("CTP"):

        Neil Benchell (nbenchell@devlinlawfirm.com) (lead trial counsel)
        Devlin Law Firm LLC
        815 North Elmwood Ave.
        Oak Park, IL 60302
        Telephone: (302) 449-9010
        Facsimile: (302) 353-4251

    For Defendant West Marine, Inc.:

        N/A

    B.     Identify any parties that have not yet been served.

    Defendant West Marine, Inc.

    C.     State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:
This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338.

D.  Describe generally the nature of the claims asserted in the complaint and any counterclaims.

**Plaintiff**: This is an action for patent infringement, based on alleged infringement of U.S. Patent Nos. 8,712,846 ("the '846 patent") and 8,396,743 ("the '743 patent"), together the "patents in suit." The patents in suit relate to methods and systems to offer targeted products over a communications network by receiving product data for a plurality of products from a plurality of distributors for the products, receiving customer data from a plurality of customers, comprising personal information about the customers, and using the data to generate at least one user-specific product offering from the plurality of products. The user-specific product offerings are then conveyed to customers using automated messages. (*See* '846 patent at 3:44-52.) Count I alleges infringement of the '846 patent. Count II alleges infringement of the '743 patent.

E.  State the major legal and factual issues in the case.

**Plaintiff:**

- Whether Defendant is infringing any of the asserted claims of the patents in suit by offering for sale, selling, and manufacturing the Accused Instrumentalities.

- The amount of Plaintiff's damages, should it prevail, for infringement.

    Defendant has not yet been served with the Complaint. Plaintiff expects to effectuate service within five business days of filing this Status Report.

F.  Describe the relief sought.

**Plaintiff**: CTP seeks compensatory damages for Defendant's past infringement of the patents in suit, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial; a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and an award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Discovery in this matter has not yet begun. No documents have yet been exchanged and no depositions of any of Defendant's witnesses have occurred. Accordingly, Plaintiff does not yet have the information necessary to provide a complete calculation of damages.

Plaintiff expects that it will seek damages based upon a reasonable royalty for Defendant's infringement pursuant to 35 U.S.C. § 284. *See*, *e.g.*, *Bard Periph. Vascular, Inc. v. W.L. Gore & Assocs., Inc.,* 670 F.3d 1171 (Fed. Cir. 2012); *Powell*

*v. Home Depot U.S.A., Inc.*, 663 F.3d 1221 (Fed. Cir. 2012); *Funai Elec. Co. Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357 (Fed. Cir. 2012). Courts have recognized a number of factors to be considered in determining a reasonable royalty, including the factors enumerated in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). Plaintiff anticipates calculating a reasonable royalty rate based upon the factors set forth in *Georgia Pacific* and its progeny. Without the benefit of discovery, Plaintiff cannot currently conduct a reasonable royalty analysis. Plaintiff will also request Defendant be ordered to pay interest on any damages awarded. *See, e.g.*, 35 U.S.C. § 284; 28 U.S.C. § 1961; *Gen. Motors Corp. v. Devex*, 461 U.S. 648 (1983); *Fractus, S.A. v. Samsung Elecs. Co. Ltd.*, 2012 WL 2505741, at **46- 47 (E.D. Tex. Jun. 28, 2012).

2. **Case Plan**

   A. Identify all pending motions.

   There are currently no pending motions.

   B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

   C. Submit a proposed discovery plan, including the following information:

   Plaintiff acknowledges that the requirements of the Local Patent Rules apply to this case and expects to submit a proposed Scheduling Order using the form scheduling order in LPR Appendix A and according to the timeline set forth therein following service on Defendant.

   D. State whether there has been a jury demand and the estimated length of the trial.

   The probable length of trial is 2-4 days.

3. **Settlement**

   A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do *not* provide the particulars of any settlement demands/offers.

   The parties have not started settlement discussions.

   B. State whether the parties believe that a settlement conference would be productive at this time.

   The parties do not request a settlement conference at this time

4.  **Consent to Proceed Before a Magistrate Judge**

   A.   State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do *not* indicate which parties consented or did not consent.

   Plaintiff does not consent to proceed before a magistrate judge.

Dated: February 2, 2023

DEVLIN LAW FIRM LLC

*/s/ Neil A. Benchell*
Neil A. Benchell
nbenchell@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Phone: (302) 351-4400

*Attorneys for Plaintiff*
*Consolidated Transaction Processing LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic filing and/or electronic mail on February 2, 2023.

*/s/ Neil A. Benchell*
Neil A. Benchell